UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DANA STEPHENSON, ) | |
| ) | |
| Plaintiff, ) | No. 21-CV-5552 |
| v. ) | |
| ) | |
| OSTRER & ASSOCIATES, P.C., ) | |
| BENJAMIN OSTRER, and ) | |
| DAVID DARWIN, ) | |
| ) | JURY DEMANDED |
| Defendants. ) | |

COMPLAINT FOR VIOLATIONS OF THE
FAIR DEBT COLLECTION PRACTICES ACT

### Introduction

1.  In defending an auto-fraud case against its car-dealership clients filed in this Courthouse, Defendants Ostrer & Associates, P.C. ("Ostrer P.C."), Benjamin Ostrer ("Ostrer"), and David Darwin ("Darwin") decided to go on the offensive by filing three debt-collection counterclaims against Plaintiff Dana Stephenson.

2.  In these counterclaims, electronically filed on June 24, 2020, Defendants Ostrer, P.C., Ostrer, and Darwin (collectively, "Defendants") sought to collect for alleged losses to the dealership arising from a contract bearing a forged signature.

3.  Defendants knew or should have known that the contract was forged.

4.  Not only did Defendants attempt to collect based on a forged contract, but Defendants knew or should have known that not only had their clients not suffered any of the injuries alleged in the counterclaims, but the dealership had

1

actually made a profit by reselling the motor vehicle that was the subject of the forged contract.

5. Defendants subjected Plaintiff to invasive discovery demands and subjected her to a seven-hour deposition before throwing in the towel and moving to withdraw from the auto-fraud case.

6. But at no point did Defendants move to withdraw the frivolous counterclaims they asserted in the auto-fraud case.

7. As a result of the above, Plaintiff brings this action for actual and statutory damages against Defendants for violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*, which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

## Jurisdiction and Venue

8. Jurisdiction of this court arises under 15 U.S.C. §1692k(d), 28 U.S.C. § 1331, and 28 U.S.C. § 1337.

9. This Court has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367.

10. This court has jurisdiction over Ostrer P.C. because it regularly conducts and transacts business in this state, and the conduct complained of occurred in this District.

11. This court has jurisdiction over Ostrer because he regularly conducts and transacts business in this state, and the conduct complained of occurred in this District.

12. This court has jurisdiction over Darwin because he regularly conducts and transacts business in this state, and the conduct complained of occurred in this District.

13. Moreover, this Court has subject matter jurisdiction under 15 U.S.C. § 1332 because Plaintiff is a citizen of New Jersey; Defendants are all citizens of New York; and the matter in controversy exceeds the sum or value of $75,000.

14. Venue is proper in this district under 28 U.S.C. § 1391(b), as the acts and transactions that gave rise to this action occurred, in substantial part, in this district.

## Parties

15. Plaintiff Dana Stephenson is a citizen of the State of New Jersey who resides in Weehawken.

16. Ms. Stephenson is a "consumer," as that term is defined by § 1692a(3) of the FDCPA, in that the alleged debt that Defendants sought to collect from her is a personal debt.

17. Defendant Ostrer P.C. is a debt-collection law firm incorporated in New York and with its principal office located in Orange County.

18. Ostrer P.C. has its principal place of business at 111 Main Street, Chester, NY 10918.

19. Ostrer P.C. is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

20. Ostrer P.C. has transacted business within the State of New York as is more fully set forth hereinafter in this complaint.

21. As reflected on its website, the relevant page of which is attached hereto as Exhibit A, Ostrer P.C. regularly attempts to collect debts alleged to be due another.

22. Ostrer P.C. uses instrumentalities of interstate commerce and the mails in pursuit of the collection of debts.

23. The alleged debt that Ostrer P.C. sought to collect from Plaintiff was originally incurred for personal, family or household purposes.

24. Defendant Ostrer is an attorney licensed to practice law in the State of New York.

25. Ostrer is the founder and "Senior Partner" of Ostrer P.C. and has his principal place of business at 111 Main Street, Chester, NY 10918.

26. Ostrer is a "debt collector" as defined by § 1692a(6) of the FDCPA.

27. Ostrer has transacted business within the State of New York as is more fully set forth hereinafter in this complaint.

28. Ostrer regularly attempts to collect debts alleged to be due another.

29. Ostrer uses instrumentalities of interstate commerce and the mails in pursuit of the collection of debts.

30. The alleged debt that Ostrer sought to collect from Plaintiff was originally incurred for personal, family or household purposes.

31. Defendant Darwin is an attorney licensed to practice law in the State of New York.

32. Darwin is a "Partner" in the Ostrer P.C. and has his principal place of business at 111 Main Street, Chester, NY 10918.

33. Darwin is a "debt collector" as defined by § 1692a(6) of the FDCPA.

34. Darwin has transacted business within the State of New York as is more fully set forth hereinafter in this complaint.

35. Darwin regularly attempts to collect debts alleged to be due another.

36. Darwin uses instrumentalities of interstate commerce and the mails in pursuit of the collection of debts.

37. The alleged debt that Darwin sought to collect from Plaintiff was originally incurred for personal, family or household purposes.

## Factual Allegations

38. On February 14, 2020, Plaintiff filed a lawsuit in this Court against Exclusive Motor Sports LLC, Exclusive Motor Sports & Collection Center LLC, Exclusive Motor Cars LLC, and Bethpage Federal Credit Union for violations of the Truth in Lending Act, the Fair Credit Reporting Act, the Equal Credit Opportunity Act, and for common-law fraud and violations of New York General Business Law § 349.

39. The case, which was entitled *Stephenson v. Exclusive Motor-Sports LLC*, was assigned case number 20-CV-1332(PMH).

40. Defendants Ostrer P.C., Ostrer, and Darwin appeared as counsel for Exclusive Motor Sports LLC, Exclusive Motor Sports & Collection Center LLC, and Exclusive Motor Cars LLC (collectively, the "Exclusive Defendants") in the action.

41. On June 3, 2020, Plaintiff amended the Complaint to address defenses raised by the attorneys for the defendants in the case.

42. The lawsuit arose from Plaintiff having sought to help her then-boyfriend purchase a car for his own personal use and for him to drive her around on occasion.

43. Instead of entering into a contract with Ms. Stephenson, however, the Exclusive Defendants submitted a retail installment contract bearing a forged signature to Bethpage Federal Credit Union ("Bethpage").

44. Plaintiff returned the car to the Exclusive Defendants, not knowing at the time that the Exclusive Defendants had submitted a forged contract to Bethpage.

45. The Exclusive Defendants sold the car at a profit to a buyer.

46. Defendants Ostrer P.C., Ostrer, and Darwin knew or should have known that the contract was forged.

47. Defendants Ostrer P.C., Ostrer, and Darwin knew or should have known that even if the contract had not been forged, the Exclusive Defendants not only had not suffered a loss, but had reaped a profit from their criminal activities.

48. Plaintiff learned from a CarFax that the motor vehicle had been resold.

49. Plaintiff later learned from the discovery produced by Defendants Ostrer P.C., Ostrer, and Darwin on behalf of the Exclusive Defendants that the Exclusive Defendants had reaped a profit by reselling the motor vehicle that was the subject of the forged contract.

50. Thus, Defendants Ostrer P.C., Ostrer, and Darwin were on notice of the frivolousness of the counterclaims that they interposed, but made no attempt to amend the answer so as to remove the counterclaims.

51. Defendants Ostrer P.C., Ostrer, and Darwin were, at the time, defending the owners of the Exclusive Defendants, Saaed and Mehdi Moslem, from similar federal claims of fraudulent criminal activity in a case that was pending in this Court.

52. In June 2021, Saaed and Mehdi Moslem were convicted on all counts, including additional counts related to aggravated identity theft committed against Plaintiff that were added to the initial criminal indictment, and are awaiting sentencing.

53. In other words, even assuming arguendo that Defendants Ostrer P.C., Ostrer, and Darwin had no reason to know that the signature on the retail installment contract submitted to Bethpage by their criminal-defendant clients was a forgery, they had every reason to know that their counterclaims for a loss—when their clients had made a profit—were patently frivolous and unconscionable.

54. The apparent goal of Defendants in interposing the frivolous counterclaims on behalf of their criminal clients was to harass and abuse Plaintiff

and force her to drop her affirmative lawsuit out of fear of a judgment on the counterclaims.

55. There was no good-faith or non-frivolous basis for interposing the counterclaims.

56. As a result of Defendants' actions, Plaintiff was subjected to a year of brutal attempts to prove the frivolous counterclaims against Plaintiff, including subjecting Plaintiff to a lengthy seven-hour deposition, which was taken by Defendant Darwin.

57. Both Darwin and Ostrer entered appearances in the case and participated in the abusive and unconscionable behavior against Plaintiff.

58. Plaintiff's attorneys provided her with a copy of the counterclaims and from the counterclaims, Plaintiff learned that Defendants were attempting to get a judgment against her.

59. A copy of the answer with counterclaims is attached as <u>Exhibit B</u>.

60. By e-filing the frivolous counterclaims on the publicly accessible PACER system, Defendants also publicly humiliated Plaintiff, which caused her emotional distress.

61. Defendant also had to endure a seven-hour deposition by Defendant Darwin.

62. On or about April 14, 2021, Defendants were allowed by the Court to withdraw from their representation of the Exclusive Defendants.

63. By this time, Defendants had already produced to Plaintiff the discovery establishing that Defendants had profited from re-selling the car and that the counterclaims were frivolous.

64. Defendants took no steps to withdraw the frivolous counterclaims against Plaintiff before withdrawing as counsel.

65. As a result of Defendants' actions, Plaintiff became stressed, nervous, upset, anxious, and afraid and had difficulty sleeping out of fear of the frivolous counterclaims.

## COUNT I

### Violations of the Fair Debt Collection Practices Act

### Violations of Sections 1692e, e(2)(A), e(3), e(5), e(10), and (f) of the Fair Debt Collection Practices Act

66. Plaintiff restates, realleges, and incorporates herein by reference all foregoing paragraphs as if set forth fully in this Count.

67. Section 1692e of the FDCPA provides, in relevant part:

"A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt."

68. Section 1692e(2)(A) of the FDCPA provides, in relevant part:

A debt collector may not falsely represent "the character, amount, or legal status of any debt...."

69. Section 1693e(3) of the FDCPA prohibits:

"The false representation or implication that any individual is an attorney or that any communication is from an attorney."

70. Section 1692e(5) of the FDCPA prohibits:

9

"The threat to take any action that cannot legally be taken or that is not intended to be taken."

71. Section 1692e(10) of the FDCPA prohibits:

"The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."

72. Section 1692f of the FDCPA provides, in relevant part:

"A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt or to obtain information concerning a consumer."

73. Defendants' counterclaims, which were e-filed on June 24, 2020, violated – <u>Exhibit B</u> – violated Sections 1692e, e(2)(A), e(3), e(5), e(10), and f by using false, deceptive, and misleading means in the attempted collection of the debt, misrepresenting the legal status of the debt, threatening to take action that cannot legally be taken, using unfair and unconscionable means in the attempt to collect the debt, and attempting to collect damages that did not exist.

74. The counterclaims also lacked any meaningful attorney review in violation of Section 1693e(3). Meaningful attorney review would have revealed that the Defendants' clients had not suffered any damages and instead had reaped a profit and left Plaintiff with a fraudulent debt-obligation based on a forged contract.

75. Defendants collection counterclaims against Plaintiff violated Sections 1692e, e(2)(A), e(3), e(5), e(10), and f.

76. By e-filing the frivolous counterclaims on the publicly accessible PACER system, Defendants also publicly humiliated Plaintiff, which caused her emotional distress.

10

77. Defendant also had to endure a seven-hour deposition by Defendant Darwin.

78. As a result of Defendants' actions, Plaintiff became stressed, nervous, upset, anxious, and afraid and had difficulty sleeping out of fear of the frivolous counterclaims.

79. Defendants are liable to Plaintiff for their violations of the FDCPA.

**WHEREFORE,** Plaintiff Dana Stephenson asks that this Court enter judgment in her favor against Defendants Ostrer & Associates, P.C., Benjamin Ostrer, and David Darwin, as follows:

A. A declaratory judgment that Defendants' conduct violated the FDCPA;

B. Statutory damages;

C. Actual damages;

D. Attorneys' fees, litigation expenses, disbursements, allowances and costs; and

E. Such other and further relief as the Court may deem just and proper.

### Demand for Jury Trial

Please take notice that Plaintiff demands a trial by jury in this action.

Dated:   New York, New York
         June 24, 2021

> Respectfully submitted,
>
> BROMBERG LAW OFFICE, P.C.
>
> By:   /s/ Brian L. Bromberg
>       Brian L. Bromberg
>       Attorney for Plaintiff

<u>Attorneys for Plaintiff</u>

Brian L. Bromberg
Joshua Tarrant-Windt
Bromberg Law Office, P.C.
352 Rutland Road #1
Brooklyn, NY 11225
Tel: (212) 248-7906

Thomas R. Breeden
(will apply for admission *pro hac vice*)
Thomas R. Breeden, P.C.
Attorneys and Counselors At Law
10326 Lomond Drive
Manassas, Virginia 20109
Tel: (703) 361-9277